UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT HULVEY,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                       Case No. 1:10 CV 122

BARBARA SAMPSON, et al.,

       Defendants.

_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #13). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions to dismiss or for summary judgment, the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

The following allegations are contained in Plaintiff's complaint. On June 30, 2004, Plaintiff was granted parole and released from prison. Plaintiff's term of parole was to expire June 30, 2006. On June 29, 2006, Plaintiff's Parole Agent recommended that Plaintiff's term of parole be extended for an additional year on the ground that Plaintiff had violated the terms of his parole. Although Plaintiff had not been found guilty of the alleged parole violations, the Michigan Parole Board nonetheless extended Plaintiff's parole by one year. Plaintiff was neither given notice of his alleged

parole violations nor given an opportunity to be heard on the matter. Plaintiff asserts that the actions of the Michigan Parole Board violated his due process rights as well as Michigan law. Plaintiff initiated the present action on February 8, 2010, against Barbara Sampson, Parole Board Chairperson, and Patricia Caruso, Director of the Michigan Department of Corrections. Defendants now move for summary judgment. Plaintiff has failed to respond to Defendants' motion.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving

party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

As discussed below, there exist at least two grounds for granting Defendants' motion as to Plaintiff's due process claim: (1) Plaintiff has failed to allege that either defendant engaged in wrongful conduct; and (2) Plaintiff's claim is without merit.

**I.      Failure to Allege Personal Involvement**

Plaintiff has been permitted to proceed as a pauper in this matter. Pursuant to federal law, "[n]otwithstanding any filing fee, or portion thereof, that may have been paid" by Plaintiff, "the court *shall* dismiss the case *at any time* if the court determines that. . .the action. . .fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

In his complaint, Plaintiff asserts no factual allegations against Defendant Sampson or Caruso. In fact, other than identifying Sampson or Caruso as defendants, Plaintiff's complaint contains absolutely no mention of either defendant. To state a claim on which relief may be granted, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He must likewise articulate facts sufficient to allege a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1949. Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). Accordingly, the undersigned recommends that Plaintiff's action be dismissed for failure to state a claim on which relief may be granted.

**II.     Procedural Due Process**

As is well recognized, the parole system employed by the State of Michigan does not create a liberty interest in parole. *See, e.g., Jackson v. Caruso*, 2010 WL 3220146 at *4 (W.D. Mich., Aug. 10, 2010) (citing *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994)). Because Plaintiff has

no liberty interest in parole, he cannot challenge the procedures by which his term of parole was extended. *See, e.g., Kamppi v. Ghee*, 2000 WL 303018 at *2 (6th Cir., Mar. 14, 2000) ("Kamppi has no liberty interest in parole under the Constitution or state law. . .and he therefore may not challenge any procedure used to deny him parole or extend his parole release date"); *Jones v. Smolinski*, 2009 WL 3352804 at *3 (W.D. Mich., Oct. 13, 2009) ("[w]ithout a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because 'process is not an end in itself'") (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Accordingly, Plaintiff's due process claim is without merit.

### III. State Law Claims

As Defendants correctly assert, Plaintiff previously brought an action in state court in which he asserted that the act of extending his parole for an additional year violated Michigan law. (Dkt. #14, Exhibits 1-3). Plaintiff's claim was rejected by the trial court and the Michigan Court of Appeals. Defendants assert that the doctrine of res judicata precludes Plaintiff from asserting in this action the same claim he previously asserted in state court.

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). To apply res judicata, four elements must be satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action

which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane*, 71 F.3d at 560 (citation omitted).

All four elements are satisfied here. Accordingly, the Court concludes that Plaintiff's state law claim is precluded by the doctrine of res judicata. The fact that the previous state court action was asserted against a different defendant is of no consequence, as the defendants in both actions share an identity of interests. *See Ranir, LLC v. Dentek Oral Care, Inc.*, 2010 WL 3222513 at *5-6 (W.D. Mich., Aug. 16, 2010) (recognizing that in the context of res judicata, privity refers to "an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves").

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #13), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 1, 2010      /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge